ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

GARTH HIRE (CABN 187330)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-6559
FAX: (415) 436-7234
Garth.Hire@usdoj.gov
Alethea.Sargent@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

DAVID SCOTT CACCHIONE,

Defendant.

No. CR 24-0048 JD

STIPULATION AND ~~[PROPOSED]~~ ORDER TO CONTINUE STATUS CONFERENCE AND EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Northern District of California and Assistant United States Attorney Garth Hire, and defendant David Scott Cacchione (defendant), by and through his counsel of record Tamara Crepet, hereby stipulate as follows:

1. A status conference is presently set in this matter for March 25, 2024. For the reasons set forth below, the parties request that this status conference be continued to May 20, 2024, and that time be excluded during that time period under the Speedy Trial Act.

2. On January 25, 2024, a federal grand jury returned an indictment against defendant charging him with Conspiracy to Commit Wire Fraud in violation of 18 U.S.C. § 1349. Defendant is presently in custody but is pending release to a halfway house once bedspace is available.

3. The government is in the process of producing voluminous discovery in this case. Defendant and his counsel require additional time to obtain and review the discovery, evaluate the materials, and to discuss any potential defenses.

4. Counsel for defendant represents that failure to grant the continuance would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. Counsel for defendant also agrees that the requested exclusion of time is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the government to obtain available witnesses.

5. Counsel for defendant represents that counsel has fully informed her client of his Speedy Trial rights and that, to her knowledge, her client understands those rights and agrees to waive them. Defendant's counsel further believes that her client's decision to give up his right to be brought to trial earlier than if time were not excluded from the Speedy Trial Act is an informed and voluntary one.

6. For these reasons, the parties request that the status conference currently scheduled for a hearing on March 25, 2024, be continued to May 20, 2024. Based on these facts agreed to by the parties, the time period of March 25, 2024, through May 20, 2024, is excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (B)(iv), for effective preparation and continuity of counsel.

7. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the

///

///

///

future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: March 14, 2024

ISMAIL J. RAMSEY
United States Attorney

/S/ *Garth Hire*
GARTH HIRE
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

/S/
TAMARA CREPET
Attorney for Defendant
David Scott Cacchione

3/15/2024
Date

**~~[PROPOSED]~~ ORDER**

The Court has read and considered the Stipulation to Continue Status Conference and Exclude Time Under the Speedy Trial Act, filed by the parties in this matter. The Court hereby finds that the Stipulation, which this Court incorporates by reference into this Order, demonstrates facts that provide good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

The Court further finds that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would deny defense and government counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

THEREFORE, FOR GOOD CAUSE SHOWN:

The status conference currently scheduled for March 25, 2024, is continued to 10:30 a.m. on May 20, 2024. The time period of March 25, 2024, to May 20, 2024, inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (B)(iv). Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial

must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO ORDERED.

March 20, 2024
DATE

HONORABLE JAMES DONATO
UNITED STATES DISTRICT JUDGE